| | |
|---|---|
| District Court Denver City and County, Colorado *[handwritten: Dodrak Aaron A. Arraj United States Courthouse]* | **Directly and/or Indirectly also-associated with the Property of a Minor/Infant** |
| In Interest of the Public For the Matter of<br>In Re:  Les Evan Mylo<br>Real Party in Interest<br>Jus Personarum<br>LES EVAN MYLO, Infant/Minor<br>*[handwritten: 1255 19th St, #810, Denver, CO 80202]*<br>Plaintiff: | **Expressing the Trust**<br><br>**Special Deposit** |
| v. *[handwritten: Cornerstone Apartments]*<br><br>Defendant *[handwritten: Vexatious Litigant Trespass, Trespass on this case, Detinue, Replevin, Debt, Covenant, Account]* | ▲ **COURT USE ONLY** ▲ |
| *[handwritten: No Proof of Claims. I will reserve my rights to add charges further if necessary]* | **Case No:**<br><br>**Div:** |
| **BILL OF COMPLAINT IN EQUITY**<br>**PRESENTMENT TO VOID PROCEEDINGS AND JURISDICTION** | |

## Introduction and Background with
## Memorandum of Law (Exhibit A)

Comes Now, **Les Evan Mylo**, a natural living being of majority status conducting the style condition of **The Principal and Beneficial Equitable Title Holder, and Not an Infant/Minor, hereinafter "Complainant."** As such, I am exercising as well as retaining and reserving all rights, natural, private, commercial, in corporeal or otherwise and does tender this claim and makes the claim that the tender was special deposited on the accounts receivables books of the court, via the respondent's commercial filings and/or other deposits into the court's registry, who by their own admission of the complaint showing or causing to show the existence of a qualified endorsement.

The Respondent has come into this matter related to a trust in the capacity that is unsustainable, and thus is perceived as standing in its unadulterated, non-immune capacity and is liable for all damages incurred, assessments as well as penalties.

On its face, it appears that the Respondent's intent and purpose, was to take up the election to treat the within referenced complaint as a draft, rather than a promise to pay, and the person holding the instrument can treat it as either. **The court converted the complaint to a draft** (a form of currency conversion). There might be cause for one to raise and/or complain that they lack understanding, that such information is foreign to them, and it is at that time that such an individual documents their lack of knowledge for overseeing such a matter that specifically deals with an **express trust and the estate of an infant,** which invokes exclusive jurisdiction and not concurrent jurisdiction. This court acts as an administrative venue as a result of the administrative acts and the presidential proclamations 2038, 2039 and 2040 – for which the Presidents of the United States have exercised "Emergency Powers Jurisdiction" continuously, from 1933 to the present, according to the Senate report on national emergencies associated with the National Emergencies Act. To ensure this information is not ambiguous, nor is it foreign to government, for the Senate of the United States Congress has verified the aforementioned facts. **EQUITIES IMPLIED EXPRESSION** of a trust.

Minor means an individual under the 18 years. The term minor is <u>also used</u> to refer to an individual who <u>has</u> attained the age of 18 years but has <u>not yet</u> taken control of the <u>securities</u> contained in his or her minor account.

Minor account means an account that a <u>custodian</u> <u>controls</u> on behalf of a minor, this is referred to as a **<u>RESULTING TRUST</u>** (from the Latin "resalire" **meaning** 'to jump back') is the creation of an implied trust by operation of **LAW**, where property is transferred to someone who pays nothing for it; and then is implied to have held the property for benefit of another person.

## JURISDICTION AND VENUE

Jurisdiction is proper "other jurisdiction" wherein the Constitution, whereby Judicial Power. SECTION authorizes such out of necessity. The judicial power shall be vested in one Supreme Court, (who may extend such powers in a Court of Appeals, in District Courts, in County Courts, in Metropolitan Courts, and in such other courts and may be established by positive law, i.e., equity, as equity is the law, as equity is everything and law without equity **must still render equity**. Therefore, this court has the power to decree in equity upon this **Express Trust Matter** incamera chambers, and may enforce the Bill of Rights put forth in this bill expressed in the Constitution.

We must remember as shall be discussed briefly in a moment, that an attorney who represents an individual who has not yet attained the age of maturity, is said to represent a ward of the court. An attorney holds an administrative position as an officer of the court, and as such, the attorney becomes for the ward an appointed guardian ad litem. **NOW IN PROOF THAT THE TRUST EXISTS** and is for all necessities and purposes a "RESULTING TRUST," in that upon attaining

majority the securities, assets, properties of the infant becomes the rightful property of the beneficiary who has attained **THE AGE OF MAJORITY**. Seeing that this is a "RESULTING TRUST," by operation of law and as a result of the principals of equity, and that it involves a minor and/or infant and/or properties of an infant, the proper jurisdiction is that of who has and maintains a right to such inherent jurisdiction.

## RULE OF LAW

Whereby this cause, being a complaint in exclusive equity jurisdiction (as it directly involves the property/estate/securities of an infant/minor) cites the rule of law as follows upon:

## BILL OF RIGHTS

No person's (to include infants/minors), property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and, when taken, except for the use of the state, such compensation shall be first made, or secured by deposit of money.

## JURISDICTION OF COURTS OVER THE ESTATE OF INFANT

**Jurisdiction over the estate of an infant is inherent in equity,** but it also may be vested by administrative, constitutional and administrative statutory provisions in particular courts; the administrative institution of proceedings affecting an infant's property makes the infant a ward of the court (held in trust, for such the seizure of rights and/or property could only be instituted as a result of a prior relationship, i.e., a special relationship, <u>whereby</u> the infant/minor is the beneficiary, the State (court), the settlor and its agents and/or officers, trustees, constituting a trust relationship in equity), which has broad powers and the duty to protect his or her interests.

**Courts of Equity have General and Inherent Jurisdiction** over property of infants. Primary jurisdiction over the estate of infants may, under administrative constitutional or administrative statutory provisions, be vested in the probate, county, district, or other special court.

**The Jurisdiction can be exercised only when the court has acquired jurisdiction as to the particular infant/minor or subject matter** (jurisdiction over estate/trusts are exclusive in nature over which courts of equity have exclusive jurisdiction, and such matters must be heard at equity.) The commencement of a proceeding affecting the infant's property vest the court with jurisdiction over his or her estate, pursuant to which the court acts in loco parentis or as a guardian, and the

3

infant becomes its ward. **It is the duty of the court to safeguard the infant's property interests with great care, i.e., in Trust**

After the jurisdiction of the court has attached either through an appearance which equates to submitting to the court's jurisdiction, and/or a plea being entered by the infant/minor, the court, in its administrative capacity has broad, comprehensive and plenary powers over the estate of the infant/minor. This court may adjudicate the rights and equities of the infant and property, **yet only in equity**, and it may cause to be done whatever may be necessary to preserve and protect the infant's estate which includes the property/assets of said estate. However, the exercising of such powers must be tempered with reasonable limitations, and one major limitation is that courts of equity have exclusive jurisdiction over the property/assets of an infant. Therefore, **the court cannot act in violation of administrative constitutional or statutory limitations on its powers**, or permit the impounding of the infant's funds for the **creation of a trust**, which the court or parties have done by establishing the instant matter, and thus attempt to deprive the infant/minor of the right to the absolute enjoyment of the funds of one who has come forth now, and is **appearing at the age of majority in correction of any presumptions by previous actions or appearances in this manner.**

An infant is not competent to waive the administrative statutory requirements enacted for his or her benefit and protection, with respect to the manner in which the jurisdiction of the court may be exercised, unless and until they attain the age of majority, then they can either petition for the removal of minor's disabilities and/or express the trust.

## JURISDICTION OF COURST OVER ESTATES OF INFANTS/MINORS – JUDICIAL ALLOWANCES FOR SUPPORT, MAINTENANCE, AND EDUCATION

Respondents could not have a valid claim against infant/minor without personal knowledge and a copy of photo, finger prints, a forced plea, coercion, threats, false imprisonment, a false commercial claim is/are not considered lawful evidence and/or knowledge, because such copies are held as forgery, evidence of involuntary servitude.

Furthermore, courts in conducting "Commercial" Business, for or of the court, must give/disclose to or upon a party upon demand the bookkeeping entries (both receivables and payables) with an affidavit, and demand is hereby made for immediate production or all the evidence is hearsay evidence into the court. The infant/minor, having attained the age of majority, hereby challenges the bookkeeping and demand the full accounting on the accounts receivables and accounts payables and all dividends, profits, rents, escrows, etc. – resulting from the deposit of **TRUST**/Estate of the ward/beneficiary onto the court's accounts receivables and other general intangibles.

## MOVEMENT FOR RELIEF

**Complainant is entitled to the relief of damages in equity,** as "equity must cause equity to be done, though the heavens fall"; Complainant is entitled to relief in the form of damages for the following reasons:

Respondent(s) has taken the private property of the complainant under extreme duress and threat of violence against Complainant's life, property, liberties without just compensation, without the expressed and/or written consent of Complainant. Respondent has a duty to respond to all complainants and questions because of the legal **Special Relationship** of the parties and by not responding, the Respondent is in breach of trust, because the infant estate and duty of care associated therewith/thereto is an expressed trust.

## VERIFIED MEMORANDUM of PRINCIPLES OF LAW and POINTS OF AUTHORITIES ON EXPRESS SPECIAL RELATIONSHIP TRUSTS

The court and its officers are a legal title holder of not only the express trust, but also the constructive trust.

As now has been placed on the record, I share the same or similar name as the named defendant in their case # _____ However, for clarification, I am now not acting in the capacity as the named defendant, I am the beneficial equitable title holder (beneficiary). None of this information is foreign to the court. This matter must proceed in equity, Failure and/or refusal to proceed at equity, under exclusive jurisdiction, will constitute contempt of justice.

## ELEMENTS OF A TRUST

1 Settler/Grantor/Trustor -- intended to create a trust, which is perceived by the reasonable observer, as in the case of the New Deal and the several Federal Acts and associated State regulations:..

    a. The Emergency Banking Relief Act of March, 9th 1933;
    b. The Social Security Act of 1934, the Trust Indenture Act;
    c. The Social Security Trust;
    d. The Treasury Trust Fund;

    e. The Public Trust and the Administration Thereof.

These are each Specific and Special RELATIONSHIPS Agreements, as they are specifically designed and voluntarily submitted to as required by the 13th Amendment Authorizing such.

2. Rights Must be Identified;
   a. As evidenced by Due Process of Statutory Provisions and the 14th Amendment, Section 1and 4;
3. Identification of Beneficiary -- Whom the property is held on behalf of (held in-trust);
4. Shares/Assets/Property must be Identified;
5. The Trust Must Be Workable;
6. Must have an ending, i.e., can't last forever.

All Elements of a Trust Are Present, 31 C.F.R. §§363.6

Minor means an individual under the age of 18 years. The term minor is <u>also used</u> to refer to an individual who has attained the age of 18 years but has not yet taken control of the <u>securities</u> contained in his or her minor **account**.

Minor account means an account that a <u>custodian</u> <u>controls</u> on behalf of a minor, that is linked to the custodian's primary account (See 31 C.F.R.§§363.10 and §§363.27 for more information on minor accounts).

**The Settlor is Federal Government** directly and through the state and local governments. (This indication is specified by the use of the Lower Cased "state" and "government," and other proper nouns). Through various acts of Congress, and through the age of Majority Acts.

The identity of the **Equitable Beneficial Title Holder is the Minor**, both un-attained and attained, until they control the Securities/Shares in the Trusted account.

The Rights are Identified by the right to attain the Age of Majority, to gain control of Securities Held in one's Minor Account, and to be free from Minor's Disabilities.

The Trust is workable in that the Custodian/Fiduciary/Trustee/Ministerial Clerk must hold the minor/infant account in trust on/for the benefit/behalf of a minor/infant account that is linked to the custodian's primary account (in Most Instances the Federal and State Treasuries).

The Trust may not last forever as it and the duties of the parties end upon the attaining the age of Majority, and documenting such in a definitive manner by attaching an affidavit attesting such to his or her Birth Certificate – note the Principal:

**The register of titles is authorized to receive for registration of memorials upon any outstanding certificate of <u>an official Birth Certificate pertaining to a registered owner named and said certificate of the title showing the date of birth of said registered owner</u>, proving and providing there is attached to said certificate an affidavit of an affiant who states that he/she is familiar with the facts recited, stating that the party named and said birth certificate is the same party as one of the owner's name and said certificate of title, and that thereafter the register of titles shall treat registered owner as having obtained the age of Majority as of the date of 18 years after the date of birth shown on said certificate.**

The aforementioned is a general court rule, meaning that it applies in principle in all birth certificates attaining related matters, and administrative proceedings. **A POWER OF ATTORNEY** titled in part – Les Evan Mylo Power-of-attorney-General IN FACT II **A PRIVATE SPECIAL RELATIONSHIP EXPRESS TRUST**, encompassing all related matters and associated properties is at issues invoking EXCLUSIVE JURIDICTION AT/IN EQUITY.

**THIS MATTER DOES NOT INVOLVE A STATUTORY AND/OR CONSTITUTIONAL PROVISION RESPECTING A MINOR AND/OR INFANT. THIS MATTER EXCLUSIVELY AND SPECIFICALLY INVOLVES AN ESTATE/TRUST AND THE PROPERTY OF AN INFANT/MINOR UNDER EQUITABLE LAW.**

Generally, an infant may acquire property rights, but he or she is not regarded as capable of managing his or her property. Hence, the law does not entrust him or her with the custody or control of his or her estate. The reason an infant/minor is not capable of managing his or her estate or own property is because they have not yet attained the age of 18 and/or taken control of the securities, assets, properties held in their minor account, a general principal of equitable law.

Generally, as an equitable principal, this statute of limitations is suspended as against infants during their disability, or either do not begin to run against an infant until the obtaining of majority, or where infancy does not toll the statutes, **the infant is allowed a statutory period after attaining majority** to contest any adverse possessions which commence during infancy. Here, the inference is upon the infant attaining the age of majority, the same with respects to a minor and/or juvenile, and as noted, such a person/individual shall remain a minor and/or infant until such time as they gain control of the assets held in their minor account through equity.

With this supporting affidavit, this Complainant states that this court, in good conscience and good reason, shall aid the complainant in his prayer or **show cause via facts and conclusions of equitable law** why he is not entitled as equitable beneficial title holder.

Complainant prays to this court for damages in the amount of (                    )
as is specified in the contract and the value of the full estate plus interest, for the court is under

obligation in the exercise of its inherent equitable powers to do equity, with all concerned this amount of (                                    ) should be considered as fair.

Complainant additionally prays for an **injunction to issue** against Respondent and the Attorney for an attempted taking of trust property, private information and solicitation against the complainant where he is not entitled to act against the trust with just or any other cause, for such is construed as intermeddling with the estate of the infant/minor, for which there are strict and severe penalties.

Sources Cited:

Damages – The power to award damages in a proper case, as necessary incident to other purely equitable relief, and in the same decree, is fully admitted, and even to award damages alone in very special cases; but the jurisdiction has been exercised with the utmost caution and reserve. See JUDICIAL INTERPRETATION OF JURISDICTION. Pomeroy, Equity Jurisprudence.

A court of equity grants the relief of Compensatory damages with some other specific relief, and under very peculiar circumstances it decrees the payment of damages alone. Several kinds of equitable suits are wholly pecuniary in their relief, as those for contribution and exoneration. See JUDICIAL INTERPRETATION OF JURISDICTION, Pomeroy. Equity Jurisprudence.

Maxims of Equity and Adjudication States that a court of equity, FRCP Rule 56, to protect and enforce rights to property the objects of suits in chancery. The term "property," as used in this section, included that is the subject of exclusive individual ownership; or, to be more specific, includes not only lands, houses, goods and chattels, rights and credits, but, also, a man's person, and his wife and minor children, and his right to work, and to sell and acquire property and engage in any lawful business, and his and their reputation, health and capacity to labor, and his and their right to enjoy the senses of sight, smell, hearing and taste, and his and their right of speech and locomotion, and his and their right to enjoy their sense of moral propriety when normal. As men live by their labor and property, no man is presumed to part with either without receiving or expecting an equivalent in value. Hence, whenever one person has obtained either the labor or property of another, he should pay or account therefor, unless he can prove it was a gift, and so, whatever injury one person does to another's property or capacity to labor should be made good.

I declare, under laws of the United States of America, that the foregoing is true and correct. Executed on this _____ Day of ___August___.

By: Les Evan Mylo

_____ As

**Complainant and Equitable Beneficial Title Holder**

8